# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MORGAN LEE MITZNER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 13-CV-732-JHP-PJC |
| | ) |
| JANET DOWLING, Warden, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 16). Petitioner, a state inmate appearing pro se, filed two responses (Dkt. ## 19, 21) to the motion to dismiss. For the reasons discussed below, the Court finds that, as to Grounds 1-13 and 15-17, the petition was not timely filed. Therefore, Respondent's motion to dismiss shall be granted as to those grounds for relief and they shall be dismissed with prejudice. Respondent's motion to dismiss shall be denied as to Grounds 14, 18, and 19. However, those grounds for relief are not cognizable on habeas corpus review and are denied on that basis.

### *BACKGROUND*

On September 3, 2009, in Delaware County District Court, Case Nos. CF-2009-252C and CF-2009-253B, Petitioner Morgan Lee Mitzner entered blind pleas of guilty to one (1) count of Second Degree Burglary in each case. See Dkt. # 17-3 at 1. In Case No. CF-2009-253B, the State filed a second page alleging three prior felony convictions. Id. On November 23, 2009, the state district judge sentenced Petitioner to four (4) years imprisonment in Case No. CF-2009-252C, and to thirty (30) years imprisonment in Case No. CF-2009-253B, with the sentences to be served consecutively. See Dkt. # 17-8 at 56-57. By letter dated November 28, 2009, Petitioner moved to

withdraw his guilty pleas. See Dkt. # 17-3 at 1. Court appointed counsel, James Harvey, filed an application to withdraw guilty pleas on December 11, 2009. Id. A hearing on the requests to withdraw guilty pleas was held on December 23, 2009. See Dkt. # 17-8. At that hearing, Petitioner was represented by attorney Kathy Baker. Id. At the conclusion of the hearing, the court denied the applications to withdraw pleas of guilty. Id. at 22.

On February 22, 2010, Petitioner filed a petition for writ of certiorari in the Oklahoma Court of Criminal Appeals (OCCA). In an unpublished summary opinion, filed October 13, 2010, in Case No. C-2010-21, the OCCA denied the petition for writ of certiorari. See Dkt. # 17-1. Petitioner did not file a petition for writ of certiorari at the United States Supreme Court.

On April 17, 2013, Petitioner filed an application for post-conviction relief. See Dkt. # 17-2. By amended order filed August 26, 2013, the state district judge denied Petitioner's request for post-conviction relief. See Dkt. # 17-3. Petitioner filed a post-conviction appeal at the OCCA. See Dkt. # 17-4. By order filed September 11, 2013, in Case No. PC-2013-0595 (Dkt. # 17-5), the OCCA affirmed the denial of post-conviction relief.

Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1) on October 22, 2013, in the United States District Court for the Western District of Oklahoma. On November 7, 2013, the case was transferred to this District Court. See Dkt. # 9. In his petition, Petitioner identifies nineteen (19) grounds of error. See Dkt. # 1. Respondent argues that consideration of this habeas corpus petition is precluded by the one-year statute of limitations provided at 28 U.S.C. § 2244(d). See Dkt. ## 16, 17.

## *ANALYSIS*

## A. Grounds 1-13 and 15-17 shall be dismissed with prejudice as time barred

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B), (C), and (D). Also, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

With the exception of Grounds 14, 18, and 19, discussed in Part B below, Petitioner's claims challenge the validity of his convictions and sentences, entered by the state district court on November 23, 2009. The one-year limitations period applicable to those claims began to run, under 28 U.S.C. § 2244(d)(1)(A), when his convictions became final. Petitioner's convictions became final on January 11, 2011, after the OCCA denied certiorari on October 13, 2010, and the 90 day time period for filing a petition for writ of certiorari in the United States Supreme Court had lapsed.

3

See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). As a result, Petitioner's one-year limitations clock began to run on January 12, 2011, and, absent a tolling event, a federal petition for writ of habeas corpus filed after January 12, 2012, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline); Harris v. Dinwiddie, 642 F.3d 902, 907 n.6 (10th Cir. 2011). Petitioner commenced this action on October 22, 2013, or more than twenty-one (21) months beyond the deadline. Absent either statutory or equitable tolling, the petition is time-barred.

Petitioner did not file his application for post-conviction relief until after the one-year limitations period had expired. Petitioner's application for post-conviction relief was not filed until April 17, 2013, or more than fifteen (15) months after the January 11, 2012, deadline. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). As a result, the post-conviction proceeding commenced by Petitioner after expiration of the limitations period did not toll the limitations period.

In his response to the motion to dismiss (Dkt. # 19), Petitioner argues that his petition should not be time barred because he suffers from "mental impairments," he did not know that he could file for habeas corpus relief, and he was abandoned by his court-appointed counsel. He also claims that he is "actually innocent" of the crimes to which he pled guilty because "he had no intent to commit the crime." Id. Petitioner also filed a second response (Dkt. # 21) to the motion to dismiss and provides a "Comprehensive Assessment," dated June 2, 2008, prepared at Grand Lake Mental Health Center, Inc., in support of his claim of "mental impairment."

4

The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998); see also Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). However, to be eligible for equitable tolling, a petitioner must make a two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir.2008) (quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)), so as to prevent him from timely filing his habeas petition. A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Id. (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Nothing in the record before the Court suggests that Petitioner is entitled to equitable tolling. First, Petitioner's allegation of "mental impairment" lacks sufficient specificity to justify equitable tolling. Equitable tolling based on mental incapacity may warranted but only in "exceptional circumstances." Reupert v. Workman, 45 F. App'x 852, 854 (10th Cir. 2002) (unpublished)[1] (citing Biester v. Midwest Health Servs., Inc., 77 F.3d 1264, 1268 (10th Cir. 1996)). Such exceptional circumstances include an adjudication of incompetence, institutionalization for mental incapacity, or where it is shown that mental incapacity renders the individual incapable of pursuing his own claim. Id. If a litigant is capable of pursuing legal remedies during the relevant time period, equitable tolling based upon mental incapacity is not appropriate. Biester, 77 F.3d at 1268.

---

[1]This unpublished opinion is not precedential but is cited for its persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

Petitioner in this case has not shown that he has been adjudicated incompetent or that he was incapable of pursuing his federal claims during the relevant time period because of mental incapacity. He provides nothing suggesting that between January 12, 2011, and January 12, 2012, he was so incapable of rational thought that he could not take the steps necessary to file a petition for writ of habeas corpus. See Lawrence, 549 U.S. at 337 (finding habeas petition had "fallen far short" of showing "mental incapacity" to support equitable tolling); Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002) (habeas petitioner has burden of proof concerning equitable tolling and must demonstrate rare and exceptional circumstances warranting application of doctrine). Petitioner's "Comprehensive Assessment" reflects that, when the report was prepared, Petitioner suffered from "major depressive disorder, recurrent, severe w/o psychosis" and "generalized anxiety disorder." See Dkt. # 21 at 5. However, the report is dated June 2, 2008, or more than two (2) years before the limitations period began to run. In addition, the Court has reviewed the transcripts from Petitioner's change of plea hearing, his sentencing hearing, and the hearing on his motion to withdraw his pleas of guilty. See Dkt. # 17-8. Those records reflect that, while it is clear that Petitioner admittedly suffered from drug addiction, he did not complain of suffering any "mental impairments" at the time of those hearings. The Court concludes that Petitioner has failed to demonstrate that he suffered "mental impairment" during the one-year limitations period and he is not entitled to equitable tolling on that basis.

Petitioner's additional asserted reasons for the delay, including his lack of awareness of the federal habeas remedy and the one year limitations period applicable to habeas petitions, also fail

6

to justify equitable tolling.² See Gibson, 232 F.3d at 808 (holding petitioner's alleged ignorance of AEDPA's statute of limitations is not sufficient to warrant equitable tolling). Significantly, "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (quotation omitted). In the absence of specific factual allegations, Petitioner's conclusory claim that his "court appointed lawyer dumped him, abandoned him, deserted him," see Dkt. # 16 at 3, does not entitle Petitioner to equitable tolling. See Yang, 525 F.3d at 928. Furthermore, Petitioner's court-appointed counsel perfected a certiorari appeal on his behalf. Because Petitioner did not have a right to have an attorney assist him in the preparation and filing of either his state post-conviction petition, see Cummings v. Sirmons, 506 F.3d 1211, 1223 (10th Cir.2007) ("[A] criminal defendant is not constitutionally entitled to representation by counsel in state post-conviction proceedings."), or his § 2254 petition, see Swazo v. Wyo. Dep't of Corr., 23 F.3d 332, 333 (10th Cir.1994) ("[T]here is no constitutional right to counsel beyond the appeal of a criminal conviction, and ... generally appointment of counsel in a § 2254 proceeding is left to the court's discretion."), the alleged inadequacy of the contract attorneys with whom Petitioner has worked since his incarceration is not

---

²Petitioner also argues that his one-year limitations period did not begin to run under 28 U.S.C. § 2244(d)(1)(B) or § 2244(d)(1)(D), until he learned of the availability of federal habeas corpus and AEDPA's one-year limitations period. See Dkt. # 19 at 6. However, Petitioner fails to identify an "impediment to filing an application created by State action in violation of the Constitution or laws of the United States," and, as a result, the one-year limitations period is not extended by § 2244(d)(1)(B). In addition, under § 2244(d)(1)(D), the one-year period may begin to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The factual predicate of Petitioner's claims in Grounds 1-13 and 15-17 could have been discovered when he entered his blind pleas of guilty or when his convictions became final, not when he learned of the existence of the habeas corpus remedy and the one-year limitations period. As a result, Petitioner cannot benefit from the application of § 2244(d)(1)(D).

an "exceptional circumstance" which warrants equitable tolling. Petitioner has not shown that he "diligently pursue[d] his claims" during the time the limitations period was running, or that his "failure to timely file was caused by extraordinary circumstances beyond his control." Marsh, 223 F.3d at 1220.

Lastly, the Court recognizes that Petitioner asserts a claim of "actual innocence." See Dkt. # 19 at 3. A claim of actual innocence may overcome the bar resulting from the one-year statute of limitations. See McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (2013); Laurson v. Leyba, 507 F.3d 1230, 1232 (10th Cir. 2007) ("A claim of actual innocence may toll the AEDPA statute of limitations."). The Tenth Circuit has "stress[ed] that this actual innocence exception is rare and will only be applied in the extraordinary case." Lopez v. Trani, 628 F.3d 1228, 1231 (10th Cir. 2010) (internal quotation marks omitted). Petitioner claims that he is innocent because he "had no intent to commit the crime! He was taken advantage of due to his mental and emotional -- personality disability." See Dkt. # 19 at 3. However, the transcript from Petitioner's change of plea hearing reflects that Petitioner admitted to acting in concert with his friend "to steal something from the building," specifically, an ATM machine, when they broke into the Kahoots Convenience Store in Afton, Oklahoma, on May 23, 2008, and on January 9, 2009. See Dkt. # 17-8 at 31-32. Petitioner's claim of actual innocence based on lack of intent, as asserted in this habeas action, is a claim of legal innocence as opposed to factual innocence and, thus, does not provide a basis for equitable tolling. See United States v. Gabaldon, 522 F.3d 1121, 1124 n.2 (10th Cir. 2008) (noting that "[a]ctual (factual) innocence is a ground for applying equitable tolling," but that "legal innocence" is not); Laurson, 507 F.3d at 1232-33 (noting that actual innocence means factual innocence); Beavers v.

Saffle, 216 F.3d 918, 923 (10th Cir.2000) (noting that legal defenses relate to legal, not factual innocence).

In summary, Petitioner has not met his burden of pleading "rare and exceptional circumstances" sufficient to warrant equitable tolling. Gibson, 232 F.3d at 808. Therefore, Petitioner is not entitled to equitable tolling and Grounds 1-13 and 15-17 of his petition for writ of habeas corpus shall be dismissed as untimely.

**B. Habeas corpus relief on Grounds 14, 18, and 19 is denied**

In Grounds 14, 18, and 19, Petitioner challenges post-conviction procedural rulings made by the state courts. Specifically, Petitioner complains that he was improperly "denied post-conviction testing, examinations, evaluations, investigations to prove and substantiate my mental and personality disorders" (Ground 14); that he was improperly denied a post-conviction hearing, discovery, and appointment of counsel (Ground 18); and that his post-conviction claims were improperly denied as procedurally barred (Ground 19). Under 28 U.S.C. § 2244(d)(1)(D), the factual basis for those claims could not have been discovered until September 11, 2013, when the OCCA affirmed the denial of post-conviction relief. Petitioner filed his habeas petition on October 22, 2013. Therefore, the claims challenging the state courts' post-conviction rulings are not time barred. However, to the extent the issues raised by Petitioner in grounds 14, 18, and 19 focus only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration, those grounds state no cognizable federal habeas claim. Sellers v. Ward, 135 F.3d 1333, 1339 (10th Cir. 1998). For that reason, Petitioner's request for habeas corpus relief on Grounds 14, 18, and 19 shall be denied.

## *CONCLUSION*

The Court concludes that Grounds 1-13 and 15-17 of the petition are untimely. Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations shall be granted as to those grounds for relief. Grounds 14, 18 and 19 are not cognizable in this habeas corpus action and shall be denied.

## Certificate of Appealability

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural rulings resulting in the dismissal of Grounds 1-13 and 15-17 based on the statute of limitations, and the denial of Grounds 14, 18, and 19 as not cognizable on habeas corpus review, are debatable or incorrect. The record is devoid of any authority suggesting

that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 16) is **granted in part** and **denied in part**, as follows:

    a. The motion to dismiss is **granted** as to Grounds 1-13 and 15-17 of the petition and those claims are **dismissed with prejudice**.

    b. The motion to dismiss is **denied** as to Grounds 14, 18, and 19.

2. Habeas corpus relief on Grounds 14, 18, and 19 is **denied**.

3. A separate Judgment shall be entered in this case.

4. A certificate of appealability is **denied**.

**DATED** this 24TH day of June, 2014.

_____
JAMES H. PAYNE
UNITED STATES DISTRICT JUDGE